IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LOUIS H. VAUGHN ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-cv-277 |
| ) | |
| FOOD LION, LLC ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This diversity case alleges that plaintiff was wrongfully discharged in contravention of T.C.A. § 50-6-114(a) by his former employer Kroger in retaliation for plaintiff's filing of a workers' compensation claim. Currently pending are defendant's motions for summary judgment [Court File # 31] and partial summary judgment on plaintiff's claim for punitive damages [Court File # 33]. For the reasons discussed below, defendant's motions are granted and this action is dismissed.

### I.
### *Factual Background*

The following factual allegations are considered in the light most favorable to the plaintiff.

Plaintiff Louis H. Vaughn is a citizen and resident of Campbell County, Tennessee. Defendant Food Lion, LLC is a North Carolina limited liability

company with its principal place of business in Salisbury, North Carolina, conducting business in Anderson County, Tennessee.

Plaintiff was hired by Food Lion on July 27, 2001 to work as a full-time "grocery selector" at a distribution center in Clinton, Tennessee. This job entailed driving a motorized pallet, filling orders received from nearby stores at a rate of approximately 250 cases of product per hour. This position required the ability to reach, stoop, bend, and lift up to 100 pounds.

On August 21, 2001, about three weeks after being hired, plaintiff sustained work-related injury and, subsequently, filed a claim for workers' compensation benefits. After this injury, the plaintiff participated in Food Lion's Temporary Alternate Duty (TAD) program, which allows employees suffering from on-the-job injuries to return to work at temporary light-duty jobs. The jobs are not regular positions at the company. Plaintiff held a light-duty job for two weeks before his physician authorized him to return to work. After returning to full-time work, plaintiff subsequently received a favorable performance review and salary increases.

Plaintiff reported a second injury on February 18, 2002, filing a second workers' compensation claim on February 20, 2002. The injury occurred on February 12, 2002, with plaintiff's physician authorizing light-duty work on that same day. After the injury, Food Lion gave plaintiff medical leaves of absence for back surgeries during August 2002 and October 2003. Plaintiff intermittently worked in the TAD program, performing a light-duty job for more than 20 months. Plaintiff's last temporary position was "assisting the auditors," a position created especially for plaintiff that was not held by anyone outside the TAD program.

Food Lion allowed its employees to remain eligible for the TAD program until they reached their "maximum medical improvement" (i.e., the point at which

2

they were not expected to further recover from their injuries). At that time, Food Lion would assess whether an injured employee could return to a full-time regular position. Plaintiff received permanent medical restrictions in January 2004 (i.e., sedentary light work; infrequent lifting of no more than fifteen pounds; frequent lifting of no more than ten pounds; limited bending, sitting, stooping, or twisting), which prevented him from performing his own job or other available positions. Plaintiff admitted that he could not perform the requirements of the grocery selector position. He also could not identify any other regular position at Food Lion that he could perform with his restrictions. Food Lion terminated plaintiff on March 1, 2004, more than two years after plaintiff's last workers' compensation claim.

## II.

## *Standard of Review for Summary Judgment*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a mater of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in the light most favorable to the opponent of the motion. However, the party opposing the motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence, specific facts showing that there is a genuine

3

issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

## III.
### Retaliatory Discharge

The at-will employment doctrine states that, in the absence of an employment agreement, employees may be discharged at any time for any reason or no reason at all. "[R]etaliatory discharge defines the balance point between the employment-at-will doctrine and rights granted employees under well-defined public policy." *Anderson v. Standard Register Co.*, 857 S.W.2d 555 (Tenn. 1993). Tennessee law codifies some of these public policies, including discrimination (T.C.A. § 4-21-401(a)(1)), reporting safety violations in the work place (T.C.A. § 50-3-106(7)), missing work for jury duty (T.C.A. § 22-4-108(f)), and refusing to participate in or remain silent about illegal activity (T.C.A. § 50-1-304).

The Tennessee Supreme Court also found that termination for filing workers' compensation claims constituted retaliatory discharge. *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984) ("[A] cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature."). T.C.A. § 50-6-114(a) provides that, "No contract or agreement, written or implied, or rule, regulation, or other device, shall in any manner operate to relieve any employer in whole or in part of any

4

obligation created by this chapter except as herein provided." The court held that retaliatory discharge for asserting a workers' compensation claim constituted such an illegal "device" under this statute. *Clanton*, 677 S.W.2d at 445.

The following elements are necessary to establish a cause of action for retaliatory discharge in connection with an employee asserting a workers' compensation claim: (1) the plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment. *Anderson*, 857 S.W.2d at 558-59 (citing *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984); *Chism v. Mid-South Milling Co., Inc.*, 762 S.W.2d 552, 556 (Tenn. 1988); *Johnson v. Saint Francis Hosp., Inc.*, 759 S.W.2d 925 (Tenn. Ct. App. 1988)). With regard to the fourth element, the former "exclusive causal relationship" requirement was replaced with the less burdensome "substantial motivating factor" requirement. *Sasser v. Averitt Exp., Inc.*, 839 S.W.2d 422, 426 (Tenn. Ct. App. 1992) (citing *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558-59 (Tenn. 1993)).

The plaintiff has the burden of proof to prove these elements, including a "causal relationship" between the workers' compensation claim and the employee's discharge. *Anderson*, 857 S.W.2d at 558-59. If this causal relationship is proven, the burden shifts to the employer to demonstrate a "legitimate, non-pretextual reason for the employee's discharge" (e.g., poor performance or the physical inability to do the job). *Id.* The plaintiff may submit proof on the issue of causation through either direct, or by circumstantial evidence. *Thomason v. Better-Bilt Aluminum Products, Inc.*, 831 S.W.2d 291 (Tenn. Ct. App. 1992). Circumstantial evidence is evidence that "proves a fact from which an inference of the existence of another fact may be drawn." *Id.* "It is

5

well established that facts in civil cases may be established on circumstantial evidence alone." *Roberts v. Scholl, Inc.*, 1995 W.L. 424665 (Tenn. Ct. App. 1995).

Tennessee courts have not forced employers to create jobs with accommodations for injured employees unable to work in the same capacity, even if they were injured on the job. In *Bates v. Cooper Industries, Inc.*, 957 F.Supp. 125 (M.D.Tenn. 1997), the plaintiff filed a workers' compensation claim for an injury suffered while working at an automotive parts distribution center. After spending several months working in a temporary, light-duty capacity, the plaintiff received permanent medical restrictions (i.e., lifting no more than 20-25 pounds; no continuous bending, lifting or twisting; no frequent work in an outstretched or overhead position of arms). The defendant terminated his employment because "there was no job within the warehouse facility which conformed to these work restrictions." The plaintiff filed a claim for retaliatory discharge, which the court dismissed after granting summary judgment to the defendant. *Id.* In *Birchett v. Nashville Co.*, 2000 Tenn. App. LEXIS 322, at *8 (Tenn. Ct. App., 2000), the court held that "an employer is entitled to terminate an at-will employee who is unable to perform satisfactorily because of physical infirmity, even though the physical infirmity resulted from an on-the-job compensable accident." In that case, the plaintiff suffered a work related injury and filed a workers' compensation claim. The plaintiff was, thereafter, unable to perform her previous job duties as cook for the defendant. The court granted summary judgment to the defendant, because the plaintiff could not establish a causal connection between the termination and the workers' compensation claim. *Id.*

## IV.
### *Analysis*

6

The first three elements of retaliatory discharge are undisputed: (1) Vaughn was employed at Food Lion at the time of the injury; (2) Vaughn made two workers' compensation claims; (3) Vaughn was discharged. *See supra Anderson*, 857 S.W.2d at 558-59. However, upon a careful review of the affidavits and deposition testimony presented, it is clear that plaintiff would not be able to prove to the jury by compelling circumstantial evidence that (4) Vaughn's claims were "a substantial factor in the employer's motivation to terminate the employee's employment." *Id*.

A number of factors suggest the defendant is entitled to summary judgment. The fact that Vaughn remained an employee of Food Lion for over two years after the injury suggests that Food Lion has established fair policies in regard to employee work-related injuries. Food Lion gave Vaughn ample opportunity to heal and return to his regular position, even readily accommodating him by creating a temporary job in the intervening periods of time. There is no evidence to suggest that Food Lion ever converted these temporary jobs to full-time, regular positions in other such cases. Vaughn admittedly was restricted from working any more strenuously by his own doctor, precluding him from taking any other position available at the distribution center.

Plaintiff has failed to come forward with any evidence, much less clear and compelling evidence, that his assertion of a claim for workers' compensation benefits was a substantial factor in causing his discharge. Further, no evidence has been presented of negative statements or actions made by employees of Food Lion with reference to the workers' compensation claims. It is not enough to show only that the claims were followed by a dismissal by the defendant.

Because plaintiff has not established a prima facie case of retaliatory discharge, the burden does not shift to Food Lion to show a legitimate, non-pretextual reason for plaintiff's discharge. Even so, the Tennessee Supreme

7

Court has held that the "physical inability to do the job" is a legitimate, non-pretextual reason for termination. *Anderson*, 857 S.W.2d at 558-59. Plaintiff's unfortunate injuries prevent him from performing essential functions of any position with Food Lion's distribution center. Tennessee law does not require that Food Lion create an unnecessary job or accommodate Vaughn in any other way because he is unable to perform in other capacities.

Because there is no genuine issue as to any material fact, the defendant is entitled to a judgment as a matter of law.

## V.
### Punitive Damages

Because defendant's summary judgment motion will be granted on the underlying claim, the issue of punitive damages is pretermitted.

## VI.
### Conclusion

In light of the foregoing, defendant's motions for summary judgment [Court File # 31] and partial summary judgment on plaintiff's claim for punitive damages [Court File # 33] will be granted and this action dismissed.

Order accordingly.

                                                *s/ James H. Jarvis*
                                     UNITED STATES DISTRICT JUDGE